Bkockenbrough, J.
The main question referred to us for decision is the extent of the liability of the administrator Coohus for the devastavit of Worthington the other administrator. They were both administrators of Morrow, and entered into one bond with two sureties, being all jointly and severally bound thereby. The question discussed here was whether Coohus was a surety equally bound with the other sureties for Worthington’s separate acts, and they equally bound with him, or whether he was primarily bound as surety, and the others only secondarily bound, that is, bound only in case Coohus should prove unable to pay for Worthington’s devastavit. If they were all equally bound as sureties, then the other sureties should be made parties and compelled to contribute; otherwise not.
The circuit court decided that “ the two administrators are looked on as the principals, and those who are induced to become bound with them never contemplate -their own liability as long as either principal is solvent; and that the administrators must be considered as a unit responsible for each other’s acts, and as principals bound for the balance due from either, and not as mere sureties.”
I do not think that this intimate union and identity of the two administrators is countenanced by the law, and the undertaking of the parties. The duties and obligations of administrators are very much the same with *64 those of executors; and with respect to them, it has long ago been established that “ one executor shall not ke charged with the wrong or devastavit of his companion, and shall be no farther liable than for the assets which came to his hands.” 3 Bac. Abr. 31. In a court of law, the bond which the administrators enter into is the only evidence of the respective obligations of the administrators and their sureties, and will also govern in a court of equity, unless there be some other contract between the parties, by which the relation of the principals and sureties towards each other is varied. What, then, is the obligation of the parties by the administration bond which the statute requires them to give ? We must adopt the rule reddendi singula singulis, and construe the bond distributively, with reference to the joint acts and separate acts of the administrators. The penalty of the bond binds the administrators and the sureties by name, in a certain sum, but the condition names the administrators only. The penalty binds A. B. C. and,D. and the condition is that A. and B. the administrators shall well and truly administer &c. Now, so far as A. and B. jointly administer, they are both bound as principals for their joint acts, and C. and D. are bound as sureties for those joint acts. For those acts, although C. and D. are equally bound with the administrators to creditors, legatees &c. yet, as between themselves, A. and B. shall both and each reimburse to C. and D. whatever these last may have paid on account of their joint mal-administration.
But how is it as to their separate administration ? For A.’s separate administration, he alone is bound as principal, because he alone having received the assets, his companion is not chargeable with them by the law. Yet B. is bound by the bond for A.’s administration of all that may come to his hands, and as he is not bound as principal, it follows of course that he is bound as surety. C. and D. are likewise bound by the bond as *65 sureties that A. will administer well and truly all that may come to his hands. Then B. C. and D. are all bound as sureties that A. will well and truly administer . those assets which may separately come to his hands. Being all three bound as sureties, they are bound equally, and each is entitled to contribution from the others, according to the principles of equity. So A. C. and D. stand in the relation of cosureties for the separate administration of B. and are entitled to contribution from each other.
So far then as Worthington received a large amount of assets, and wasted them without the concurrence of Coolcus, this last is bound for such devastavit as surety only, and is entitled to contribution from the other sureties, who ought to be made parties.
On the other questions discussed I also concur in the opinion of the president.